UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY E. MAXWELL,<br><br>        Petitioner,<br><br>  v.<br><br>M. C. KRAMER, et al.,<br><br>        Respondent. | 1:07-cv-00548-OWW-TAG HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS AND LACK OF EXHAUSTION<br><br>ORDER TO FILE RESPONSE WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on March 23, 2007. (Doc. 1). A preliminary review of the Petition, however, reveals that the petition may be untimely and that Petitioner has not fully exhausted his state court remedies.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on March 23, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on March 1, 2004. (Doc. 1, p. 1). The petition for review was denied by the California Supreme Court on May 18, 2005 in the direct state review of Petitioner's conviction. (Id. at p. 2). Thus, direct review would have concluded on August 16, 2005, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from August 16, 2005, or until August 16, 2006, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned the instant petition was filed on March 23, 2007, over seven months *after* the limitations period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

1  that the limitation period will end before all claims can be presented to the state supreme court. Id. at
2  1005.  However, the limitations period is not tolled for the time such an application is pending in
3  federal court. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

4    Petitioner asserts that he filed a state habeas petition in the Kings County Superior Court,
5  which was denied in June 9, 2006.  (Doc. 1, p. 3).  Although Petitioner claims to have filed a habeas
6  petition in the highest state court, he provides no information or support that he ever filed such a
7  petition in the California Supreme Court subsequent to June 9, 2006.  It appears from the foregoing
8  that Petitioner would be entitled to some statutory tolling under the AEDPA during the pendency of
9  his state petition in the Kings County Superior Court.  However, Petitioner has not provided the
10 Court with the date on which that petition was filed, which would be the effective date on which the
11 statutory tolling would have commenced.  Thus, without more information, the Court cannot
12 determine the amount of statutory tolling to which Petitioner would be entitled or make a preliminary
13 determination whether the instant petition is in fact timely.  As indicated above, the petition appears
14 to be untimely by seven months.  Unless the state court petition was pending in the Kings County
15 Superior Court for an equal amount of time, the instant petition will be untimely.

16    However, in an excess of caution, Petitioner will be afforded the opportunity, in his
17 response to this Order to Show Cause, to provide additional information regarding when and where
18 he filed his state habeas petition in the Kings County Superior Court.  If Petitioner filed additional
19 state petitions, he should provide information regarding the dates during which those other petitions
20 were pending, if he believes that the instant petition is timely and that he is entitled to statutory
21 tolling under the AEDPA.

## **ORDER**

23 Accordingly, the Court HEREBY ORDERS:

24 1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service
25    of this Order why the Petition should not be dismissed for violation of the one-year
26    statute of limitations in 28 U.S.C. § 2244(d).  In his response, Petitioner should provide
27    the dates on which he filed any state habeas petitions, the names of the courts in which he
28    filed those petitions, the results, if any, of those petitions, and the dates the results were

issued.  Petitioner should provide, where possible, copies of all petitions filed as well as copies of the rulings by the state courts.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **January 9, 2008**                                        /s/ Theresa A. Goldner
                                                                    UNITED STATES MAGISTRATE JUDGE