UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY E. MAXWELL, ) | 1:07-cv-00548-OWW-TAG HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATIONS TO |
| ) | DISMISS AMENDED PETITION FOR WRIT |
| v. ) | OF HABEAS CORPUS  FOR VIOLATION |
| ) | OF THE ONE-YEAR STATUTE OF |
| ) | LIMITATIONS  (Doc. 13) |
| M. C. KRAMER, et al., ) | |
| ) | ORDER TO FILE OBJECTIONS WITHIN |
| Respondents. ) | TWENTY DAYS |
| ) | |
| | ORDER DISCHARGING ORDER TO SHOW |
| | CAUSE (Doc. 10) |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of habeas corpus was filed on March 23, 2007.  (Doc. 1).  On January 10, 2008, the Court issued an order to show cause why the petition should not be dismissed for violation of the one-year statute of limitations contained in 28 U.S.C. 2244(d).  (Doc. 10).  On January 25, 2008, Petitioner filed an amended petition.  (Doc. 13).  On January 28, 2008, Petitioner filed his response to the order to show cause.  (Doc. 14). Based on the present record,  the Court concludes that the original petition is untimely and therefore the amended petition should be dismissed.

**DISCUSSION**

A. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

1   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059,
2   2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) overruled on other grounds by
3   Lindh v. Murphy, 521 U.S. 320.  The instant petition was filed on March 23, 2007, and thus, it is
4   subject to the provisions of the AEDPA.

    The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal
petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)
reads:

>   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, Petitioner was convicted on March 1, 2004.  (Doc. 1, p. 1; Doc. 13, p. 1).  The petition for review was denied by the California Supreme Court on May 18, 2005 in the direct State review of Petitioner's conviction.  (Doc. 1, p. 2; Doc. 13, p. 2).  Thus, direct review would have concluded on August 16, 2005, when the ninety day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887, 103 S. Ct. 3383 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would have one year from August 16, 2005, or until August 16, 2006, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on March 23, 2007, over seven months (or 219 days) *after* the limitations period expired.  Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed.

B.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  However, the limitations period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

Petitioner asserts that he filed a state habeas petition in the Kings County Superior Court, which was denied in June 9, 2006.  (Doc. 1, p. 3; Doc. 13, p. 3).  In his response to the order to show cause, Petitioner attaches portions of state habeas petitions he filed in various state courts.  From that documentation, as well as the amended petition, it appears that Petitioner filed a petition in the Kings County Superior Court on June 5, 2006, that was denied on June 9, 2006, thus entitling Petitioner to five days of statutory tolling.  (Doc. 13, Exh. C; Doc. 14, Exh. A).  Petitioner also filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, on July 10, 2006, which was

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

3

1  denied on July 14, 2006, thus entitling him to another five days of statutory tolling. (Doc. 13, Exh.
2  D; Doc. 14, Exh. B).  Petitioner also filed a petition in the California Supreme Court on August 8,
3  2006, which was denied on February 7, 2007, thus entitling him to 183 days of tolling. (Doc. 13,
4  Exh. E; Doc. 14, Exh. C).  In sum, Petitioner has established that he is entitled to 193 days of
5  statutory tolling.

6  However, as discussed above, the one-year period commenced on August 16, 2005.
7  Petitioner filed the instant petition on March 23, 2007, which is 584 days later.  Subtracting the 365
8  days permitted by § 2244(d), leaves 219 days unaccounted for.  Petitioner is entitled to 193 days of
9  tolling, thus leaving the petition 26 days late.   Because the original petition was untimely by 26
10 days, the amended petition must also be dismissed as untimely.[1]

11 C.  Equitable Tolling

12 The limitations period is subject to equitable tolling "if 'extraordinary circumstances' beyond
13 a prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.
14 Dist. Ct. (Kelly), 163 F.3d 530, 541(9th Cir. 1998)(quoting Calderon v. U.S. Dist. Court (Beeler),
15 128 F.3d 1283, 1288-1289 (9th Cir. 1997)(noting that "[e]quitable tolling will not be available in
16 most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a
17 prisoner's control make it impossible to file a petition on time") and citing Alvarez-Machain v.
18 United States, 107 F.3d 696, 701 (9th Cir. 1997)).

19 Petitioner makes no claim of entitlement to equitable tolling and the Court sees no basis for
20 such a claim in the record before the Court.  Thus, the limitations period will not be equitably tolled.

21 ORDER

22 Accordingly, the Court HEREBY ORDERS that the Order to Show Cause issued on January
23 10, 2008 (Doc. 10), is DISCHARGED.

24 ///
25 ///

---

[1] The Court issued the Order to Show Cause based on the original petition.  Petitioner filed the amended petition at the same time as he filed his response to the Order to Show Cause.  (Docs. 13, 14).  Both filings contain the same documentation regarding Petitioner's entitlement to statutory tolling.  Accordingly, the Court will not issue a separate Order to Show Cause for the amended petition, because it suffers from the same timeliness defect as the original petition and the documents submitted with the amended petition do not present any new evidence justifying further entitlement to tolling.

4

## RECOMMENDATIONS

In accordance with the foregoing, the Court RECOMMENDS as follows:

1. That Petitioner's amended habeas corpus Petition (Doc. 13), be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 31, 2008**                              /s/ Theresa A. Goldner
                                                          UNITED STATES MAGISTRATE JUDGE