1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7  DONNY E. MAXWELL,                    )    1:07-CV-00548-OWW DLB HC
                                        )
8            Petitioner,                )    FINDING AND RECOMMENDATION
                                        )    REGARDING PETITION FOR WRIT OF
9      v.                               )    HABEAS CORPUS
                                        )
10  M. C. KRAMER, Warden,               )    OBJECTIONS DUE WITHIN THIRTY (30)
                                        )    DAYS
11           Respondent.                )
                                        )
12

13       Petitioner Donny E. Maxwell, ("Petitioner") is a state prisoner proceeding with a petition for

14  writ of habeas corpus pursuant to 28 U.S.C. § 2254.

15                               **Procedural History**

16       On February 2, 2004, Petitioner pled guilty to one count of lewd act upon a child under the

17  age of fourteen years (Cal. Penal Code § 288(a)).  See Traverse, Exh. A, Court of Appeal's Decision

18  of March 15, 2005.  After considering multiple aggravating factors, which included Petitioner's prior

19  felony convictions, the trial court sentenced Petitioner to the upper term of eight years along with

20  $1600 in restitution and additional fines.  See Respondent's ("Resp't") Lodged Doc. 1, Supplemental

21  Excerpts of Record at 91-92.

22       On March 15, 2005, in its opinion following Petitioner's direct appeal, the California Court

23  of Appeal affirmed the judgment.  See Traverse, Exh. A.

24       Petitioner filed a petition for review in the California Supreme Court on April 15, 2005.[1]  The

25

26       [1]The Court takes judicial notice of the California Supreme Court's docket in People v. Maxwell, case number
27  S133098, available on the California courts' website at http://appellatecases.courtinfo.ca.gov, (People v. Maxwell, No.
    S133098 (Cal. May 18, 2005)).  See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may
28  take judicial notice of court records).

1  California Supreme Court denied the petition for review on May 18, 2005.  See People v. Maxwell,

2  No. S133098 (Cal. May 18, 2005).

3         Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court on

4  June 5, 2006.  See Traverse, Exh. B.  The Superior Court denied the petition in a reasoned decision

5  on June 9, 2006.  See Traverse, Exh. B.

6         On July 10, 2006, Petitioner filed a petition for writ of habeas corpus in the California Court

7  of Appeal.  See Petition, Exh. 1.  On July 14, 2006, the Court of Appeal denied the petition without

8  comment.  See Petition Exh. 1.

9         On August 8, 2006, Petitioner filed a petition for writ of habeas corpus in the California

10 Supreme Court.  See Petition Exh. 2.[2]  On February 7, 2007, the court denied the petition without

11 comment.  See Petition Exh. 2.

12        Petitioner filed the instant petition for writ of habeas corpus in the United States District

13 Court, Eastern District of California on March 23, 2007.  Respondent filed an answer on October 19,

14 2010.[3]  On November 18, 2010, Petitioner filed a traverse.

15                              **Factual Background**

16        The Court adopts the California Court of Appeal's summation of the facts surrounding

17 Petitioner's crime and plea:

18        [Petitioner] admitted to one count of violation of Penal Code section 288, subdivision
          (a), in return for dismissal of another count of the same offense and a prosecution
19        promise to forego adding prior prison term enhancement allegations and a charge of
          intimidating a witness.  Based on multiple factors in aggravation  including prior
20        felony convictions, prior prison terms, poor performance on parole, taking advantage
          of a position of trust, and the victim's emotional injury  and only a minimal mitigating
21        circumstance, the court imposed the upper term of imprisonment.

22
   See Traverse, Exh. A.
23

24        _____

25        [2]See also California Supreme Court's docket in People v. Maxwell, case number S145662, (Maxwell (Donny E.)
   on H.C., No S145662, (Cal. February 7, 2007)) available at http://appellatecases.courtinfor.ca.gov.

26        [3]The Court's order of March 14. 2008, initially dismissed Petitioner's habeas petition for failure to comply with the
   one year limitation period imposed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Petitioner
27 appealed to the Ninth Circuit Court of Appeal which found the petition had been timely filed and vacated this Court's
   previous judgment on March 2, 2010.  On August 23, 2010, the Court ordered Respondent to file an answer to the amended
28 petition.

1                                    **Discussion**

2   **I.      Jurisdiction and Venue**

3          A person in custody pursuant to the judgment of a state court may file a petition for a writ of

4   habeas corpus in the United States district courts if the custody is in violation of the Constitution or

5   laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v.

6   Taylor, 529 U.S. 362, 375, n.7 (2000).  Venue for a habeas corpus petition challenging a conviction

7   is proper in the judicial district in which the petitioner was convicted.  28 U.S.C. § 2241(d).

8          As Petitioner asserts that he is in custody pursuant to a State conviction which violated his

9   rights under the United States Constitution, the Court has jurisdiction over this action.  28 U.S.C. §

10  2254(a).  Petitioner was convicted in Kings County, California, which is within the Eastern District

11  of California, and thus venue is proper in the Eastern District.  28 U.S.C. § 84; 28 U.S.C. § 2241(d).

12  **II.     Standard of Review**

13         On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act of

14  1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's

15  enactment.  Lindh v. Murphy, 521 U.S. 320, 326-27 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499

16  (9th Cir. 1997).  The instant petition was filed after the enactment of AEDPA and is consequently

17  governed by its provisions.  See Lockyer v. Andrade, 538 U.S. 63, 70 (2003).  Thus, the petition

18  "may be granted only if [Petitioner] demonstrates that the state court decision denying relief was

19  'contrary to, or involved an unreasonable application of, clearly established Federal law, as

20  determined by the Supreme Court of the United States.'"  Irons v. Carey, 505 F.3d 846, 850 (9th Cir.

21  2007) (quoting 28 U.S.C. § 2254(d)(1)), overruled in part on other grounds, Hayward v. Marshall,

22  603 F.3d 546, 555 (9th Cir. 2010) (en banc); see Lockyer, 538 U.S. at 70-71.

23         Title 28 of the United States Code, section 2254 remains the exclusive vehicle for

24  Petitioner's habeas petition as Petitioner is in the custody of the California Department of

25  Corrections and Rehabilitation pursuant to a state court judgment.  See Sass v. California Board of

26  Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006) overruled in part on other grounds, Hayward,

27  603 F.3d at 555.  As a threshold matter, this Court must "first decide what constitutes 'clearly

28  established Federal law, as determined by the Supreme Court of the United States.'"  Lockyer, 538

1   U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)).  In ascertaining what is "clearly established Federal

2   law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's]

3   decisions as of the time of the relevant state-court decision." Id. (quoting Williams, 529 U.S. at

4   412).  "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal

5   principle or principles set forth by the Supreme Court at the time the state court renders its decision."

6   Id.  Finally, this Court must consider whether the state court's decision was "contrary to, or involved

7   an unreasonable application of, clearly established Federal law." Id. at 72 (quoting 28 U.S.C. §

8   2254(d)(1)).  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state

9   court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or

10  if the state court decides a case differently than [the] Court has on a set of materially

11  indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the

12  'unreasonable application clause,' a federal habeas court may grant the writ if the state court

13  identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies

14  that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.  "[A] federal court may

15  not issue the writ simply because the court concludes in its independent judgment that the relevant

16  state court decision applied clearly established federal law erroneously or incorrectly. Rather, that

17  application must also be unreasonable." Id. at 411.  A federal habeas court making the

18  "unreasonable application" inquiry should ask whether the State court's application of clearly

19  established federal law was "objectively unreasonable." Id. at 409.

20      Petitioner bears the burden of establishing that the state court's decision is contrary to or

21  involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle,

22  94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states,

23  Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court

24  decision is objectively unreasonable. Clark v. Murphy, 331 F.3d 1062, 1072 (9th Cir. 2003) ("While

25  only the Supreme Court's precedents are binding on the Arizona court, and only those precedents

26  need be reasonably applied, we may look for guidance to circuit precedents"); Duhaime v.

27  Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999) ("[B]ecause of the 1996 AEDPA amendments, it

28  can no longer reverse a state court decision merely because that decision conflicts with Ninth Circuit

1    precedent on a federal Constitutional issue. . . .  This does not mean that Ninth Circuit case law is

2    never relevant to a habeas case after AEDPA.  Our cases may be persuasive authority for purposes of

3    determining whether a particular state court decision is an 'unreasonable application' of Supreme

4    Court law, and also may help us determine what law is 'clearly established'").  Furthermore, the

5    AEDPA requires that the Court give considerable deference to state court decisions.  The state

6    court's factual findings are presumed correct.  28 U.S.C. § 2254(e)(1).  A federal habeas court is

7    bound by a state's interpretation of its own laws.  Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.

8    2002).

9         The initial step in applying AEDPA's standards is to "identify the state court decision that is

10   appropriate for our review."  Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005).  Where more

11   than one State court has adjudicated Petitioner's claims, a federal habeas court analyzes the last

12   reasoned decision.  Id. (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) for the presumption

13   that later unexplained orders, upholding a judgment or rejecting the same claim, rests upon the same

14   ground as the prior order).  Thus, a federal habeas court looks through ambiguous or unexplained

15   state court decisions to the last reasoned decision to determine whether that decision was contrary to

16   or an unreasonable application of clearly established federal law.  Bailey v. Rae, 339 F.3d 1107,

17   1112-13 (9th Cir. 2003).  In the instant petition, Petitioner raised three grounds for relief.  Petitioner

18   raised Grounds One and Two through a petition for writ of habeas corpus with the Kings County

19   Superior Court, the California Court of Appeal and the California Supreme Court.  The California

20   Supreme Court and the California Court of Appeal issued summary denials of Petitioner's claims.

21   Therefore, the Court "look[s] through" those decisions to the last reasoned decision; in this case, that

22   of the Kings County Superior Court.  See Nunnemaker, 501 U.S. at 804.  Petitioner raised Ground

23   Three through a direct appeal to the California Court of Appeal, which affirmed the judgment in a

24   reasoned opinion.  See Traverse, Exh. A.  Petitioner's claim was then raised in a petition for review

25   to the California Supreme Court, which provided no reasoning for its denial.  See People v.

26   Maxwell, No. S133098 (Cal. May 18, 2005).  For Ground Three, the California Court of Appeal was

27   the last state court to issue a reasoned opinion; thus, the Court analyzes whether the appellate court's

28   decision is an objectively unreasonable application of federal law.

1    **III.    Review of Petitioner's Claims**

2        The petition for writ of habeas corpus sets several grounds for relief, which all contend that

3    various rights were violated by the trial court.  Petitioner asserts the following arguments:  (1) the

4    trial court abused its discretion in denying his request to withdraw his guilty plea after sentencing;

5    (2) that he received ineffective assistance of counsel when his counsel failed to file a motion to

6    withdraw his guilty plea; and (3) that the trial court's sentence to the upper term of eight years was

7    contrary to the United States Supreme Court's decision in Cunningham v. California, 549 U.S. 270

8    (2007).

9        **A.    Grounds One and Two:  The denial of Petitioner's motion to withdraw his plea
             and Petitioner's claim of ineffective assistance of counsel**

10

11       Petitioner's Grounds One and Two involve his allegations that he was essentially induced

     into entering his plea as a result of his attorney's false promises and statements.  More specifically

12   Petitioner contends that: (1)  Petitioner and the prosecutor (through his counsel) had reached an

13   undisclosed agreement that provided that he would not be sentenced to greater than six years in

14   exchange for his plea of guilty; (2) that his attorney "assured him that after he entered his guilty plea

15   that [he] had the option to retract his plea" should the trial court impose a sentence of eight years;

16   and finally that (3) his attorney advised him, that should the court ask whether any promises were

17   made in order to induce his plea that he should "deny the existence of any promise" so that the trial

18   court would accept his guilty plea.  See Petition at 4-6.  Based on these allegations, Petitioner, at

19   Ground One, claims that the trial court abused its discretion when it failed to conduct further inquiry

20   following his objections to the trial court's sentence.[4]  See Petition at 4-6.  In Ground Two Petitioner

21   claims he was provided ineffective assistance of counsel based on his attorney's advice and his

22   attorney's failure to file a formal motion to withdraw his guilty plea.  See Petition at 4-6.

23       In its reasoned decision denying Petitioner's writ, the Kings County Superior Court addressed

24

---

25       [4] Petitioner's traverse also claims that the trial court allegedly misadvised and sentenced Petitioner in error to a three
     year period of parole so that Petitioner's plea was additionally not knowingly and intelligently made.  This claim is both tardy
26   and unexhausted and Petitioner may not raise it for the first time in his traverse.  Cacoperdo v. Demosthenes, 37 F.3d 504,
     507 (9th Cir. 1994) (district court need not consider habeas claim raised for the first time in traverse).  Although Petitioner
27   raised related claims to the California Supreme Court, involving the circumstances of his plea, i.e., that the trial court abused
     its discretion in denying Petitioner's motion to withdraw his plea, Petitioner's proposed new factual allegation raises a
28   substantively different claim that is unexhausted and will not be addressed in the instant petition.

1    Petitioner's claim stating:

2

3          The court has reviewed the underlying file, *People v. Maxwell*, 03 CM 9253,
       particularly the transcripts of the entry of his guilty plea on February 2, 2004.

4          At that time the Reporter's Transcript ("RT") reflects that [Petitioner] was
       going to take advantage of the D.A.'s offer to plead guilty to one count of a felony.  In
5      exchange, the D.A. [would] move to dismiss "everything else" and the D.A. would
       not "pursue an intimidation of witness charge." (RT 2:22-25).  The court told
6      [Petitioner] that, "If you plead - change your plea to guilty to Count I, . . . the law says
       that's punishable by a possible term of incarceration in state prison of either three
7      years, six years or eight years.  Normally it would be imposed at the mid term, which
       is the six-year term, unless the court finds that there are what they call aggravating
8      factors that would [warrant] deviating from that and going up to eight years or the so-
       called mitigating factors that would warrant going down to the three." (RT 3:14-24).
9      Having just heard that the court thought it could sentence him to three, six, or eight
       years, depending on what it found to be the mitigating or aggravating factors and after
10     being advised of other consequences of the plea the court inquired, "Other than
       what's been stated here in court, has anybody made any promises to you or extended
11     any benefit to get you to change your plea?" the [Petitioner] replied, "No, sir." (RT
       8:11-15).  It is also noted that at the sentencing hearing on March 1, 2004, the District
12     Attorney argued for the aggravated term (RT 4:13-25).

13         [Petitioner's] allegations are controverted by his statements made when he
       entered his change of plea. [Petitioner] now claims that when he entered his plea that
14     he lied to the court, and the District Attorney and his own attorney lied to the court
       about the terms of his plea, and the District Attorney lied to him by breaking the
15     "deal" she had made to him when she argued at sentencing for the aggravated term.
       He now claims he is the only one telling the truth.  No matter what [Petitioner]
16     thought, he knew that the court thought it could sentence him to three, six, or eight
       years when it accepted his plea, and it believed him when he confirmed that no one
17     had, "made any promises to [him] or extended any benefit to get [him] to change [his]
       plea." [Petitioner's] claim that he, his attorney and the D.A. had a secret deal that he
18     could withdraw his plea if the court sentenced him to more than six years is illogical
       and contravenes the facts.  Accordingly, the petition does not credibly set forth a
19     prima facie case for relief.  Therefore, IT IS ORDERED that the instant petition is
       denied . . . .

20

21   See Traverse, Exh. B at 2-3.[5]

22         With regards to Ground One, because Petitioner argues only that the state court erred in

23   applying state law, his claim is not cognizable on federal habeas review.  Federal courts may grant a

24   writ of habeas corpus only if the petitioner's conviction or sentence is in "violation of the

25   _____

26       [5] The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in
     arriving at their decision.  Early v. Packer, 537 U.S. 3, 8 (2002).  Where the state courts have not addressed the constitutional
     issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue.
27   "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we
     can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853
28   (9th Cir. 2003).  Here because the Superior Court's reasoned opinion did not address Petitioner's federal constitutional issue
     raised in Ground two, this Court independently reviews the record.

1   Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502

2   U.S. 62, 67  68 (1991) (noting that "it is not the province of a federal habeas court to reexamine

3   state-court determinations on state-law questions"); see also Schell v. Witek, 218 F.3d 1017, 1025

4   (9th Cir. 2000) (en banc) (noting that "not every state court abuse of discretion" amounts to a federal

5   constitutional violation).  Petitioner's sole argument at Ground One is that the state court abused its

6   discretion in denying his oral motion to withdraw his plea.  See Petition at 4-5.  Accordingly, this

7   claim does not warrant federal habeas relief. See, e.g., Little v. Crawford, 449 F.3d 1075, 1082 (9th

8   Cir. 2006) (habeas petitioner's allegation that state court misapplied state law or "departed from its

9   earlier decisions" does not provide basis for habeas relief); Williams v. Borg, 139 F.3d 737, 740 (9th

10  Cir. 1998) (Federal habeas relief is available "only for constitutional violation, not for abuse of

11  discretion."), cert. denied, 525 U.S. 937, (1998).

12         As to Petitioner's Ground Two, the Sixth Amendment guarantees the effective assistance of

13  counsel.  The United States Supreme Court set forth the test for demonstrating ineffective assistance

14  of counsel in Strickland v. Washington, 466 U.S. 668 (1984).  To support a claim of ineffective

15  assistance of counsel, a petitioner must first show that, considering all the circumstances, counsel's

16  performance fell below an objective standard of reasonableness.  Id. at 687  88.  After a petitioner

17  identifies the acts or omissions that are alleged not to have been the result of reasonable professional

18  judgment, the court must determine whether, in light of all the circumstances, the identified acts or

19  omissions were outside the wide range of professionally competent assistance.  Id. at 690; Wiggins v.

20  Smith, 539 U.S. 510, 521 (2003).

21         Second, a petitioner must establish that he was prejudiced by counsel's deficient performance.

22  Strickland, 466 U.S. at 693  94.  Prejudice is found where "there is a reasonable probability that, but

23  for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at

24  694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."

25  Id.  See also Williams, 529 U.S. at 391  92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000).

26  In assessing an ineffective assistance of counsel claim "[t]here is a strong presumption that counsel's

27  performance falls within the 'wide range of professional assistance.'" Kimmelman v. Morrison, 477

28  U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689).  There is, in addition, a strong

1   presumption that counsel "exercised acceptable professional judgment in all significant decisions

2   made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).  As

3   both prongs of the Strickland test must be satisfied in order to establish a constitutional violation,

4   failure to satisfy either prong requires that a petitioner's ineffective assistance of counsel claim be

5   denied.  Strickland, 466 U.S. at 687, 697 (no need to address deficiency of performance if lack of

6   prejudice is obvious); Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002) (failure to satisfy either

7   prong of Strickland test obviates need to consider the other).

8         In the instant case, Petitioner has failed to demonstrate that he received ineffective assistance

9   of counsel.  To begin with, there is no evidence that counsel misrepresented the plea agreement to

10  Petitioner, and as noted by the Kings County Superior Court, the record reflects Petitioner was

11  repeatedly made aware that if he accepted the plea he faced a possible sentence of either three, six, or

12  eight years.  See Resp't Lodged Doc. 1 at 9, 50.  Additionally, after Petitioner entered his plea but

13  prior to sentencing, the following exchange took place in open court between Petitioner's counsel

14  and the trial court:

15        The Court:   . . . It looks to the Court as though the aggravating factors mentioned
          outweigh the mitigating factor.  It's important, I think, to recognize the early plea and
16        sparing the victim from trial, but it appears that those have been recognized by the
          benefits that [Petitioner] received from the plea bargain.  That would basically leave
17        no significant mitigating factors in this case.

18        With that in mind, it appears the recommended term [of eight years] is reasonable, but
          before I make the final decisions, I want to hear from both counsel.
19
          Mr. Oliver:  Yes, your Honor, I believe, besides the early plea and avoidance of
20        getting the victim in before a jury, there's also the victim and the mother's wishes too
          in this regard, that, as you know, they're very desirous of getting the defendant
21        reintegrated with the    the family.  And of course, he is their source of support.  And I
          believe that's important.
22
          In view of those reasons, your Honor, and I'm    I know he's presumptively ineligible,
23        so it would be    with six felony priors, it would be a    a hard goal to seek to avoid
          prison, but we're asking then    I'm asking for the presumptive [six year] term.
24
          I'll submit it.
25

26  See Resp't Lodged Doc. 1 at 90-91.

27        Rather than support Petitioner's allegations of a "secret deal," the above conciliatory

28  statements made by Petitioner's counsel, reflect only his counsel's appropriate efforts to avoid the

1   aggravated eight year term.  Moreover, following this exchange, the prosecution unequivocally

2   argued in favor of the aggravated term and not for the presumptive term which also appears

3   inconsistent with Petitioner's allegations of a "secret deal."  See Resp't Lodged Doc. 1 at 91.  Given

4   the absence of any evidence in support of Petitioner's assertions, this Court agrees with the Kings

5   County Superior Court's assessment that Petitioner's "secret deal" theory is both "illogical and

6   contravenes the facts."  See Traverse, Exh. B.

7        However, even assuming arguendo Petitioner's counsel's performance was deficient,

8   Petitioner is nonetheless not entitled to federal habeas relief because he cannot demonstrate

9   prejudice.  First, regardless of the advice provided by his attorney, Petitioner expressly affirmed to

10  the trial court at his plea hearing that he had understood the potential sentence he was facing should

11  he agreed to change his plea to guilty.  See Resp't Lodged Doc. 1 at 10.  Petitioner's solemn

12  declaration in open court carries a strong presumption of verity.  See Blackledge v. Allison, 431 U.S.

13  63, 73-74 (1977); see also Little v. Crawford, 449 F.3d 1075, 1081 (9th Cir. 2006).

14       Second, aside from Petitioner's self-serving assertions, there is no evidence that Petitioner

15  would have received a more favorable plea or insisted on going to trial had his counsel's properly

16  advised him of the potential risks, presuming this did not occur.  Petitioner was facing a maximum

17  eighteen year and eight month sentence if he proceeded to trial and was convicted.  See Resp't

18  Lodged Doc. 1 at 7.  He received a considerable benefit in pleading guilty-a reduced sentenced to

19  eight years as a result of the prosecution's dismissal of the additional counts.  Thus, even accepting

20  Petitioner's allegations regarding his attorney's deficient performance, Petitioner fails to demonstrate

21  that he was prejudiced.  Given the above facts and record, Petitioner's ineffective assistance claim

22  does not entitle him to federal habeas relief.

23  **B.**      **Ground Three: Petitioner's claim that the imposition of an upper term sentence violates federal law.**

24       Petitioner contends that the imposition of upper term against him violated the Sixth and

25  Fourteenth Amendments under Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d

26  856 (2007).  See Petitioner at 7.  As noted above, the trial court sentenced Petitioner to the upper

27  term of eight years for his violation of Penal Code 288, subdivision (a).  See Resp't Lodged Doc. 1 at

28

92.

The California Court of Appeal analyzed this argument on direct appeal and stated the following:

> The holdings in *Blakely* and *Apprendi* do not apply when the exercise of judicial discretion is kept within a sentencing range authorized by statute for the specific crime of which the defendant is convicted by jury. [citations.]  The sentence here was within the statutory range. (See Penal Code, § 288, subd. (a) [prescribing prison sentence of three, six or eight years].)
>
> Based on constitutional history, *Apprendi* advises, "We should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion   taking into consideration various factors relating both to offense and offender  in imposing judgment *within the range* prescribed by statute." (*Apprendi v. New Jersey*, supra, 530 U.S. at p. 481.)  *Apprendi* instructs further that a "sentencing factor" is distinguishable from a "sentence enhancement"; the former is a "circumstance, which may be either aggravating or mitigating in character, that supports a sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense"; the latter is "used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." (*Id.* at p. 494, fn. 19.)
>
> In *Blakely*, while the sentence was within the indeterminate maximum for the category of the offense (class B felony), the sentenced term exceeded the specific range set by Washington state statute for the offense; the sentence imposed by the trial court was based on facts not found by the jury and thus constitutionally excessive. (*Blakely v. Washington*, supra, 542 U.S. at pp. ___ [124 S.Ct. At pp. 2537-2538].)
>
> Under California's determinate sentencing law, the court must exercise its discretion to select a term within the particular range (lower, middle, or upper) allowed for a specific offense.  The court's discretion is informed by its evaluation of factors in mitigation and aggravation.  These sentencing factors, consistent with the definition found in *Apprendi*, are weighed by the sentencing judge in determining the term of imprisonment within the specific offense's sentencing range.  If there are no factors or neither the aggravating nor mitigating factors preponderate, the court shall choose the middle term; additionally, the court retains the discretion to impose either the upper or middle term where it finds the upper term justifiable. (*People v. Thornton* (1985) 167 Cal.App.3d 72, 77.)  Such an exercise of discretion does not violate the constitutional principles set forth in *Apprendi* and followed in *Blakely* because the court's discretion is exercised within the specific statutory range of sentence. (See *United States v. Booker*, supra, 543 U.S. at p. ___ [125 S.Ct. at p. 750] (maj. Opn. of Stevens, J.); id. At p. ___, ___ [125 S.Ct. at p. 775] (dis. Opn. of Stevens, J.).)
>
> Here, the trial court selected the upper term based upon its analysis of sentencing factors in mitigation and aggravation.  This choice of term was within the statutory range allowed for the specific crime of which defendant had been convicted. No constitutional violation occurred.

See Traverse, Exh. A, Court of Appeal's Decision of March 15, 2005.

At the time that Petitioner was sentenced in March of 2004, California Penal Code § 1170(b),

part of California's "Determinate Sentencing Law" or "DSL," specified that "'[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime.'" Butler v. Curry, 528 F.3d 624, 630 (9th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 767, 172 L.Ed.2d 763 (2008) (quoting Cal.Penal Code § 1170(b) before amendment in April of 2004). "'[C]ircumstances in aggravation and mitigation must be established by a preponderance of the evidence,' and '[s]election of the upper term is justified only if, after a consideration of all the relevant facts, the circumstances in aggravation outweigh the circumstances in mitigation.'" Butler, 528 F.3d at 631 (quoting Cal. R. Ct. 4.420(b) before amendment in 2007).

In a line of cases beginning with Apprendi v. New Jersey, (2000) 530 U.S. 466 (Apprendi), the United States Supreme Court addressed the effect of various states' sentencing schemes, (including California's DSL), on a defendant's right to have a jury determine the facts a trial court considers when imposing a sentence.  In Apprendi, the Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, supra, 530 U.S. at p. 490.[6]  Following Apprendi, but before the Court of Appeal issued its decision in the instant case, the United States Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004).  In Blakely, the high court explained that the statutory maximum for Apprendi purposes "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, supra 524 U.S. at p. 303.[7]

After the California of Appeal found no constitutional violation under Blakely and denied Petitioner's claim on direct review, the California Supreme Court, in People v. Black ("Black I"), 35

---

[6] Apprendi was decided in 2000, prior to defendant's sentencing hearing in 2004.

[7] Following Blakely, the Supreme Court held in United States v. Booker, 543 U.S. 220 (2005) that the decision in Blakely applied to the United States Sentencing Guidelines.  The Supreme Court explained that their precedents "make clear that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Booker, 543 U.S. at 232 (internal quotation marks omitted).

Cal.4th 1238 (2005), similarly found that California's DSL and the upper term sentencing procedure was not invalidated by Blakely.  However, in Cunningham v. California, 549 U.S. 270 (2007), the United States Supreme Court vacated Black I and held that by placing sentence-elevating fact finding within the judge's province, California's DSL violates a defendant's Sixth and Fourteenth Amendment rights to trial by jury.  Cunningham, 549 U.S. at 293-94.  The Court found that in all material respects, California's DSL resembled the sentencing systems invalidated in Blakely and Booker.  Id.

The Ninth Circuit has held that "Apprendi, Blakely, and Booker made 'courts throughout the land' aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants," and, therefore, Cunningham "did not announce a new rule of constitutional law and may be applied retroactively on collateral review." Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008).  Accordingly, even though Cunningham was decided after the Court of Appeal's delivered its decision in this case, Cunningham applies retroactively to Petitioner's case.

Prior to imposing Petitioner's sentence, the trial judge weighed various aggravating factors in deciding whether to sentence Petitioner to the upper term.  Among the facts the trial judge considered in imposing the upper term was Petitioner's prior criminal history, "a record of five or six prior felony convictions," the victim's emotional injury as a result of the crime, the fact that as the victim's stepfather, Petitioner had taken advantage of a position of trust, and the fact that the Petitioner's prior performances on parole had been unsatisfactory.  See Resp't Lodged Doc. 1 at 90. The trial court also considered the fact that Petitioner had entered an early plea a mitigating factor.[8]

However, even assuming a Sixth Amendment sentencing violation occurred, a habeas petitioner is entitled to relief only if the sentencing error was not harmless.  See Washington v. Recuenco, 548 U.S. 212, 221 (2006); Butler v. Curry, 528 F.3d 624, 648 (9th Cir. 2008) (applying harmless error to Cunningham claim); Castillo v. Clark, 610 F.Supp.2d 1084, 1124  26 (C.D.

---

[8]Though not entirely clear from the record provided, it appears that Petitioner waived a jury trial on his prior convictions. However, the probation report supplied to the sentencing judge referenced Petitioner's prior criminal convictions which included felony convictions for passing bad checks, burglary, possession/purchase of cocaine base for sale, perjury, and possession of a controlled substance. See Resp't Lodged Doc. 1 at 70 71.

Cal.2009) (discussing harmless error analysis in context of a <u>Cunningham</u> claim).

Under California law, only one aggravating factor is necessary to set the upper term as the maximum term.  See <u>People v. Cruz</u>, 38 Cal.App.4th 427, 433, (1995).  Therefore, any <u>Apprendi/Blakely</u> error will be found harmless if it is not prejudicial as to just one of the aggravating factors at issue.  See <u>Butler v. Curry</u>, 528 F.3d 624, 648 (9th Cir. 2008).  Accordingly, because any <u>Apprendi/Blakely</u> error with regard to Petitioner's numerous prior adult convictions finding is harmless, and California law only requires one aggravating factor to impose the upper term, the state court' imposition of the upper term on Petitioner's convictions was not improper as it relied in part on Petitioner's prior convictions in sentencing Petitioner to the upper term.  <u>See</u>, <u>e.g.</u>, <u>Wilkins v. Strickland</u>, Civ. No. 07-621, 2009 WL 257077, at *21 (E.D.Cal. Feb. 3, 2009).  Petitioner is not entitled to federal habeas relief on this claim.[9]

## **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that:

1.    The petition for writ of habeas corpus be DENIED WITH PREJUDICE; and

2.    The Clerk of the Court be DIRECTED to enter Judgment for Respondent; and

3.    A Certificate of Appealability be DENIED.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) court days after service of the objections.  The Court will then review the

---

[9]In his traverse, Petitioner additionally requests an evidentiary hearing, stating that it is "necessary and proper to resolve Petitioner's claims. . . ."  <u>See</u> Traverse at 6.  The Court finds that evidentiary hearing is unnecessary as the existing record is more than sufficient to resolve Petitioner's claims.  <u>See</u> <u>Cullen v. Pinholster</u>,     U.S.    , 131 S.Ct. 1388, L.Ed.2d    , 2011 WL 1225705 (April 4, 2011) (holding that habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"); <u>see also</u> <u>Baja v. Ducharme</u>, 187 F.3d 1075, 1078 (9th Cir. 1999); <u>Campbell v. Wood</u>, 18 F.3d 662, 679 (9th Cir. 1994) (An evidentiary hearing is not required on issues that can be resolved by reference to the state court record).

1   Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c).  The parties are advised that failure to

2   file objections within the specified time may waive the right to appeal the District Court's order.

3   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4          IT IS SO ORDERED.

5      **Dated:**   **June 24, 2011**              **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California