UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONNY E. MAXWELL, | ) | 1:07-CV-00548-OWW DLB HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION TO STAY |
| | ) | |
| v. | ) | |
| | ) | [Doc. # 42] |
| M. C. KRAMER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Donny E. Maxwell, ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to his February 2, 2004, guilty plea of one count of lewd act upon a child under the age of fourteen years (Cal. Penal Code § 288(a)). After considering multiple aggravating factors, which included Petitioner's prior felony convictions, the trial court sentenced Petitioner to the upper term of eight years along with $1600 in restitution and additional fines, as well as a parole term of three years. See Respondent's ("Resp't") Lodged Doc. 1, Supplemental Excerpts of Record at 91-92.

On March 23, 2007, Petitioner filed a habeas corpus action pursuant to 28 U.S.C. § 2254. See Doc. 1. On June 24, 2011, the Magistrate Judge issued a Findings and Recommendation ("F&R") that recommended the petition be denied. See Doc. 41. On July 25, 2011, Petitioner filed the instant motion to stay his § 2254 federal habeas proceedings pending exhaustion of a claim not previously raised in his state or federal petition. In his unexhausted claim, Petitioner contends that the trial court misadvised that his period of parole would be three years as opposed to a statutory

mandated five year period. See Motion at 2. Petitioner argues that the trial court's error resulted in an invalid plea. See Motion at 3. In light of this unexhausted claim, Petitioner seeks an abeyance of the federal court proceedings until the state court rules on this newly raised claim, which he filed in the California Supreme Court on July 22, 2011. On July 26, 2011, Respondent filed an opposition to Petitioner's motion to stay. See Doc. 43.

## DISCUSSION

### A.   Legal Standard

The Ninth Circuit Court of Appeals has recently clarified the procedures for analyzing stay-and-abeyance motions. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). There are two approaches for analyzing a motion for a stay-and-abeyance, depending on whether the petition is mixed or fully exhausted. See Id. at 1135-36; Jackson v. Roe, 425 F.3d 654, 661 (9th Cir.2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request can be analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), applies. See Jackson, 425 F.3d at 661.

Under Rhines, a district court has discretion to stay a *mixed* petition to allow a petitioner time to return to state court to present the unexhausted claim and then return to federal court for review of his perfected petition. Rhines, 544 U.S. at 276. This stay and abeyance is available in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the exhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines stays and holds in abeyance both the exhausted and unexhausted claims.

In contrast, under Kelly, a district court has discretion to stay a *fully exhausted* petition. See King, 564 F.3d at 1140-41. Under Kelly's three step procedure: (1) a petitioner files an amended federal petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to

exhaust the deleted claims"; and (3) petitioner later amends his petition and reattaches "the newly-exhausted claims to the original petition." Id. at 1135.  Under Kelly, similar to Rhines, a stay and abeyance order is appropriate only if petitioner has demonstrated the unexhausted claims are valid, not "plainly meritless," and that he is diligently pursuing his state court remedies with respect to these claims.  Id. at 1070. Thus in order to grant a stay and abeyance under Kelly, a Court must determine that a petitioner's unexhausted claim is not barred by the statute of limitations and also raises a valid and not otherwise "plainly meritless" claim.

.  **B.    Analysis**

In this case, Petitioner does not seek to stay a mixed petition; he seeks to hold all of his original exhausted claims in abeyance while he exhausts a new claim regarding his plea.  Although Petitioner did not start on the same procedural ground as the typical Kelly-petitioner (i.e. with a mixed petition), Petitioner is in the same procedural posture as any Kelly-petitioner that has completed step one (i.e. possess a fully exhausted habeas claim and prays that the court grant a stay). Therefore, Kelly provides the appropriate standard in the instant case.

Petitioner contends that his new and allegedly valid claim, once exhausted, would be timely because falls it within AEDPA's one-year limitation period as required by 28 U.S.C. § 2244(d).

     **1.    Petitioner has failed to demonstrate that he will be able to timely amend his amended Petitioner with his newly exhausted claim**

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the California Supreme Court denied Petitioner's direct review on May 18, 2005, and the judgment became final on August 16, 2005, after Petitioner's ninety-day period in which to file a petition for certiorari to the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). However, Title 28 U.S.C. § 2244(d)(2) additionally provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." According to Petitioner's moving papers, Petitioner had properly filed applications for post-conviction collateral relief pending before the state courts between June 5, 2006 and February 7, 2007, the date that the California Supreme Court denied his state habeas petition. See Traverse, Exh. B; see also Petition, Exh. 2. Therefore, the court will assume that Petitioner is entitled to tolling of the limitations for this period, an additional two hundred and forty seven days. Assuming this degree of tolling, the one year AEDPA period expired on April 20, 2006. Thus Petitioner's currently unexhausted claim is barred by the statute of limitations unless statutory or equitable tolling makes it timely. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

Here, Petitioner offers no facts or argument in support of equitable tolling.[1] Instead, Petitioner contends that under section 2244(d)(1)(D), the one-year period did not commence to run until he later discovered the "factual predicate" of his claim. Petitioner contends that he was not made aware of his claim's factual predicate until his parole officer, on September 24, 2010, advised him that the term of his parole was five years and not three as the trial court had previously advised.

---

[1] Additionally, a petitioner is allowed to amend his newly-exhausted claims back into his federal petition if the claims "relate back" to the exhausted claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 662-64 (2005); FRCP 15(c). Petitioner does not argue that his new claim "relates back" and it does not appear Petitioner's claim meet the requirements of FRCP 15(c).

See Motion at 2-3.  Respondent counters by arguing that "all historical facts material to his . . . claim that he was judicially misadvised in 2004, were known to Petitioner on the very day he was sentenced in 2004" and the fact that he did not determine the legal significance of these facts until much later is not relevant to the analysis.  See Opposition at 7.  Respondent is correct.

28 U.S.C. section 2244(d)(1) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Thus, under section 2244(d)(1)(D), the one-year limitation period starts on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001) (*quoting* Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000).  Due diligence does not require "the maximum feasible diligence," but it does require reasonable diligence in the circumstances.  Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) (*quoting* Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004); see Wims v. United States, 225 F.3d 186, 190, fn. 4 (2d Cir. 2000).

It is not necessary for a petitioner to understand the legal significance of the facts; rather, the clock starts when a petitioner understands the facts which constitute reasonable grounds for asserting all elements of a claim in good faith.  Hasan, 254 F.3d at 1154 fn. 3; Owens, 235 F.3d at 359 ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognized their legal significance."); see also Ramirez v. Carter, 174 Fed.Appx. 415, 416 (9th Cir. 2006) (reviewing case where Petitioner was aware of potential witnesses but failed to investigate their specific statements, and stating that Petitioner had "not explain[ed] why he could not have obtained this evidence years before."); see also Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998) (stating "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.").

Here, Petitioner has not explained why, once armed with fact that the trial court had

incorrectly advised him regarding the term of his parole, that he could not have with "reasonable diligence," determined the trial court's error. Hasan v. Galaza, supra, 254 F.3d at 1154, fn. 3. As Respondent points out, "the mandatory parole term [of five years] followed as a matter of law" and was "governed by statute," thus, Petitioner could have, at any time after sentencing in 2004, determined he was incorrectly advised of the three year term at sentencing. See Opposition at 4-5. Accordingly, Petitioner has failed to demonstrate that he is entitled to a later limitations period start-date based on newly-discovered facts and his motion will be denied.

### 2. Petitioner's clam lacks merit

Even presuming Petitioner's new claim were timely and could be later amended to his current federal petition, Petitioner's motion to stay is not warranted because Petitioner's claim lacks merit.

Due process requires that a guilty plea be both knowing and voluntary because it constitutes the waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A guilty plea not made voluntarily and knowingly violates due process. Id. A plea is not knowing and voluntary unless it is "entered by one fully aware of the direct consequences" of the plea. Brady v. United States, 397 U.S. 742, 754-55 (1970).

It is well settled in this circuit that a guilty plea is not voluntary and intelligent if the defendant is not aware of a parole term that is to be served in addition to the term of confinement because that is a "direct" consequence of the plea under Brady. Carter v. McCarthy, 806 F.2d 1373, 1376 (9th Cir. 1986) (citing Brady). The imposition of a mandatory period of parole in California is a direct consequence of a guilty plea which requires that the judge handling the criminal proceedings advise the defendant of the maximum period his liberty may be restrained both by way of imprisonment and parole. Id. If it is established that a defendant did not know of the parole consequences of his guilty plea, then petitioner's plea was obtained in violation of his constitutional right to due process. Id.

The record in this case establishes that at the time Petitioner entered his plea, the trial court had mis-advised him that he faced three years on parole when in fact the felonies to which he pled required a five-year parole term. See Resp't Lodged Doc. 1, Supplemental Excerpts of Record at 51.

However, the error in this case is distinguishable from the error at issue in Carter. In Carter, the trial court had failed to advise petitioner of the existence of parole term, id. at 1374-75, whereas here the trial court failed to inform Petitioner of the parole term's correct duration. This distinction does not make a difference, however, because it appears from the record that the five-year parole term was an automatic consequence of the felonies to which Petitioner pled. See Opposition at 5; see also Cal. Pen. Code Sec. 3000(b)(1) (West. 2004). . As a result, contrary to Respondent's contentions, it appears that the duration of Petitioner's parole term is a "direct" consequence of his plea, and as such it is a consequence that Brady required the trial court to inform Petitioner regarding the correct term of his parole before petitioner entered his plea. See Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988) ("direct" consequences of plea are those that have definite, immediate and largely automatic effect on range of the defendant's punishment). Accordingly, Petitioner's plea was not knowing and voluntary, and violated his right to due process.

     However, this does not end the analysis of Petitioner's claim. When a trial court errs by failing to inform the defendant of the parole consequences of his guilty plea, the error is subject to a harmless error analysis. Carter, 806 F.2d at 1377. To obtain habeas relief based on such error, petitioner must show that he would not have pled guilty had he known of the correct parole term. Id. at 1377; cf. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (to challenge guilty plea based on ineffective assistance of counsel, petitioner must show "reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial").

     Going to trial in this case risked significantly more severe consequences than the sentence Petitioner received under the plea agreement. Petitioner was facing a maximum eighteen year and eight month sentence if he proceeded to trial and was convicted. See Resp't Lodged Doc. 1 at 7. He received a considerable benefit in pleading guilty-a reduced sentenced to eight years as a result of the prosecution's dismissal of additional counts. Moreover, if convicted, Petitioner would also receive the same five-year parole term that he actually received as a consequence of his plea. In light of these facts, it is unlikely that even if Petitioner had known that his parole term would be two years longer, he would have rejected the plea and risked the significantly longer prison term by going to trial. Cf. United States v. Baramdyka, 95 F.3d 840, 845-47 (9th Cir. 1996) (if counsel succeeds in

substantially reducing sentence defendant would have likely received had he gone to trial, there is no prejudice from counsel's performance).

In sum, Petitioner was unlikely to have rejected the favorable plea agreement, gone to trial and risked a significantly longer sentence simply because of two additional years of parole, additional years that Petitioner would also receive if convicted at trial.  Consequently, Petitioner has not established prejudice from the trial court's error in advising him as to the correct duration of his parole term.  Consequently, Petitioner's claim lacks merit.

## **CONCLUSION**

Petitioner has failed to demonstrate that his new but thus far unexhausted claim would not be barred by AEDPA's one-year limitation period.  In addition, Petitioner's unexhausted claim regarding his plea lacks merit.  Based on these determinations, Petitioner has not met the requirements set out in Kelly to warrant a stay and abeyance of his First Amended Petition.  Accordingly Petitioner's motion to stay is hereby DENIED.

IT IS SO ORDERED.

**Dated:      August 2, 2011**                            /s/ Oliver W. Wanger
                                                         UNITED STATES DISTRICT JUDGE